**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

 0   Valuation of Security       0   Assumption of Executory Contract or Unexpired Lease       0   Lien Avoidance

**Last revised: August 1, 2020**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re: Stacey Anne Conover

Case No.: 16-29698

Judge: ABA

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original      ☒ Modified/Notice Required      Date: 11/03/2020

☐ Motions Included      ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____VD_____      Initial Debtor: _____SAC_____      Initial Co-Debtor: _____

**Part 1:   Payment and Length of Plan**

a. The debtor shall pay $ _____1,243.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____11/01/2020_____ for approximately _____12_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒   Future earnings

☒   Other sources of funding (describe source, amount and date when funds are available):
Plus $17,172.00 paid into the Plan thus far.

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☐ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____893.05_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____MidFirst Bank_____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 0.00 |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| MidFirst Bank | Debtor's residence at 1707 Coventry Way, Millville, NJ | $12,786.58 (100% of allowed amended POC) | n/a | $12,786.58 (100% of allowed amended POC, plus $11,285.65 paid to creditor through the plan to date) | $893.05 (subject to periodic adjustment as provided by the parties' contract) |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |   |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|   |   |   |   |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

### Part 7: Motions ☒ NONE

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Secured claims _____

3) All other allowed claims _____

4) _____

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☐ NONE**

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 10/14/2016_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtor fell behind on her post-petition mortgage payments and mortgage creditor filed a certification of default ("CCD"). The CCD was resolved by Cure Order dated 10/09/2020. The Cure Order required that the post petition arrears be paid through a modified plan. This is that modified plan. | The plan payment is increased to $1,243.00 for the remaining 12 months of debtor's plan, commencing with the 11/01/2020 payment, together with the $17,172.00 paid into the plan thus far. Debtor will be obtaining overtime at her job to enable her to afford the increased payments. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:   Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 11/03/2020_____          /s/ Stacey Anne Conover_____
                                                                                        Debtor

Date: _____          _____
                                                                                        Joint Debtor

Date: 11/03/2020_____          /s/ Victor Druziako_____
                                                                                        Attorney for Debtor(s)

United States Bankruptcy Court

District of New Jersey

In re:  
Stacey Anne Conover  
    Debtor(s)

Case No. 16-29698-ABA  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-1     User: admin     Page 1 of 3  
Date Rcvd: Nov 04, 2020     Form ID: pdf901     Total Noticed: 34

The following symbols are used throughout this certificate:  
**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

##    Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 06, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Stacey Anne Conover, 1707 Coventry Way, Millville, NJ 08332-2214 |
| cr | + | Finance of America East c/o Loan Care, LLC, 1581 Main Street, Suite 200, Warrington, Pa 18976-3403 |
| cr | + | Finance of America Mortgage, LLC, Stern & Eisenberg, PC, 1581 Main Street, Suite 200, Warrington, PA 18976-3403 |
| 516466635 | + | ATLANTA POSTAL CREDIT UNION, THOMPSON, O'BRIEN, KEMP & NASUTI, P.C., 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092-2924 |
| 516447584 | | Atlanta Postal Credit union, 3900 Crown Road, Atlanta , GA 30380-0001 |
| 516547941 | | Capital One NA, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |
| 516447588 | | Capital One, N.A./ Kohl's, POB 30285, Saly Lake City, Utah 84130-0285 |
| 516447589 | + | Citi/Home Depot, POB 6497, Sioux Falls, South Dakota 57117-6497 |
| 516894433 | + | Finance of America East, c/o Loan Care LLC, 3637 Sentara Way, Virginia Beach, VA 23452-4262 |
| 516894434 | + | Finance of America East, c/o Loan Care LLC, 3637 Sentara Way, Virginia Beach, VA 23452, Finance of America East c/o Loan Care LLC 23452-4262 |
| 516447594 | + | Finance of America Mortgage, 15325 Fairfield Ranch Road, Suite 200, Chino Hills, CA 91709-8834 |
| 517780925 | + | MidFirst Bank, Bankruptcy Department, 999 NW Grand Boulevard, #110, Oklahoma City, OK 73118-6051 |
| 517780926 | + | MidFirst Bank, Bankruptcy Department, 999 NW Grand Boulevard, #110, Oklahoma City, OK 73118-6077, MidFirst Bank Bankruptcy Department 73118-6051 |
| 516447598 | + | TD Bank USA/Target Credit, POB 673, Minneapolis, Minnesota 55440-0673 |

TOTAL: 14

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Nov 04 2020 21:41:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Nov 04 2020 21:41:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| 516693489 | | Email/Text: bankruptcy@pepcoholdings.com | Nov 04 2020 21:40:00 | Atlantic City Electric, POB 13610, Philadelphia, PA 19101-3610 |
| 516732322 | | Email/Text: bankruptcy@pepcoholdings.com | Nov 04 2020 21:40:00 | Atlantic City Electric Company, Pepco Holdings, Inc., Bankruptcy Division, Mail Stop 84CP42, 5 Collins Drive, Suite 2133, Carneys Point, NJ 08069-3600 |
| 516447586 | + | Email/Text: EBN_IndianapolisIMC@receivemorermp.com | Nov 04 2020 21:42:00 | Berks Credit & Collection, 900 Corporte Drive, Reading, Pennsylvania 19605-3340 |
| 516447587 | + | Email/PDF: AIS.cocard.ebn@americaninfosource.com | Nov 04 2020 21:38:33 | Capital One Bank (USA), N.A., POB 5253, Carol Stream, Illinois 60197-5253 |
| 516447590 | | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Nov 04 2020 21:41:00 | Comenity / Pier 1 Imports, ATTN: Bankruptcy Department, POB 182125, Columbus, Ohio 43218-2125 |
| 516447591 | | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Nov 04 2020 21:41:00 | Comenity Bank/Avenue Bankruptcy Departme, |

| Recip ID | | Notice Method | Date/Time | Name and Address |
|---|---|---|---|---|
| | | | | POB 182125, Columbus, Ohio 43218-2125 |
| 516447592 | | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Nov 04 2020 21:41:00 | | Comenity Bank/Lane Bryant, Bankruptcy Department, POB 182125, Columbus, Ohio 43218-2125 |
| 516447593 | | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Nov 04 2020 21:41:00 | | Comenity Bank/Torrid, ATTN: Bankruptcy Department, POB 182125, Columbus, Ohio 43218-2125 |
| 516522299 | + | Email/Text: bankruptcy@sccompanies.com Nov 04 2020 21:42:00 | | Ginny's, c/o Creditors Bankruptcy Service, P.O. Box 800849, Dallas, TX 75380-0849 |
| 516447595 | | Email/Text: bankruptcy@sccompanies.com Nov 04 2020 21:42:00 | | Ginny's, 1112 7th Avenue, Monroe, Wisconsin 53566-1364 |
| 516601141 | + | Email/Text: bankruptcydpt@mcmcg.com Nov 04 2020 21:41:00 | | MIDLAND FUNDING LLC, PO Box 2011, Warren, MI 48090-2011 |
| 516522305 | + | Email/Text: bankruptcy@sccompanies.com Nov 04 2020 21:42:00 | | Montgomery Ward, c/o Creditors Bankruptcy Service, P.O. Box 800849, Dallas, TX 75380-0849 |
| 516447596 | + | Email/Text: bankruptcy@sccompanies.com Nov 04 2020 21:42:00 | | Montgomery Ward, 3650 Milwaukee St., Madison, WI 53714-2304 |
| 516635049 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 04 2020 21:38:37 | | Portfolio Recovery Associates, LLC, c/o Capital One Bank, N.A., POB 41067, Norfolk VA 23541 |
| 516634615 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 04 2020 21:38:10 | | Portfolio Recovery Associates, LLC, c/o The Home Depot, POB 41067, Norfolk VA 23541 |
| 516515879 | | Email/Text: bnc-quantum@quantum3group.com Nov 04 2020 21:41:00 | | Quantum3 Group LLC as agent for, Comenity Bank, PO Box 788, Kirkland, WA 98083-0788 |
| 516447597 | + | Email/PDF: gecsedi@recoverycorp.com Nov 04 2020 21:38:31 | | SYNCB/Toys R Us, POB 965005, Orlando, Florida 32896-5005 |
| 516635698 | + | Email/Text: bncmail@w-legal.com Nov 04 2020 21:41:00 | | TD Bank USA, N.A., C O WEINSTEIN & RILEY, PS, 2001 WESTERN AVENUE, STE 400, SEATTLE, WA 98121-3132 |

TOTAL: 20

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 516553197 | *+ | Finance of America Mortgage, LLC, 15325 Fairfield Ranch Road, Suite 200, Chino Hills, CA 91709-8834 |
| 516447585 | ##+ | ATTN: CLARISA GASTELUM, Finance of America Mortgage, LLC, 15325 Fairfield Ranch Rd., Chino Hills, California 91709-8842 |
| 516447583 | ##+ | Alltran Financial, LP, POB 610, Sauk Rapids, MN 56379-0610 |

TOTAL: 0 Undeliverable, 1 Duplicate, 2 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 06, 2020    Signature:    /s/Joseph Speetjens

| District/off: 0312-1 | User: admin | Page 3 of 3 |
|---|---|---|
| Date Rcvd: Nov 04, 2020 | Form ID: pdf901 | Total Noticed: 34 |

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 3, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Denise E. Carlon | on behalf of Creditor MIDFIRST BANK dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Isabel C. Balboa | on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com  summarymail@standingtrustee.com |
| Isabel C. Balboa | ecfmail@standingtrustee.com  summarymail@standingtrustee.com |
| Rebecca Ann Solarz | on behalf of Creditor MIDFIRST BANK rsolarz@kmllawgroup.com |
| Steven P. Kelly | on behalf of Creditor Finance of America Mortgage  LLC skelly@sterneisenberg.com, bkecf@sterneisenberg.com |
| Steven P. Kelly | on behalf of Creditor Finance of America East c/o Loan Care  LLC skelly@sterneisenberg.com, bkecf@sterneisenberg.com |
| Victor Druziako | on behalf of Debtor Stacey Anne Conover bkdruziako@aol.com |

TOTAL: 7